IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ROGER LEE KAUFMAN,

                                       ORDER

                Petitioner,

                              15-cv-611-bbc

     v.

PAUL S. KEMPER,

                Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Pro se prisoner Roger Lee Kaufman has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254.  He contends that the Wisconsin Department of Corrections and Wisconsin Parole Commission have violated the ex post facto clause by indefinitely extending his 2014 parole eligibility date set by the sentencing court.  Petitioner has paid the $5 filing fee, so the petition is ready for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases.

Petitioner does not provide any context for his allegation that the state has extended his parole eligibility date, but even if I overlook petitioner's lack of detail, his claim has another problem.  The law in this circuit is that a prisoner may not proceed under § 2254 unless success on his lawsuit would entitle him to immediate or speedier release.  Glaus v. Anderson, 408 F.3d 382, 387-88 (7th Cir. 2005);  Richmond v. Scibana, 387 F.3d 602, 605-06 (7th Cir. 2004); Clark v. Thompson, 960 F.2d 663, 665 (7th Cir. 1992).  In this

1

case, petitioner alleges that the sentencing court ordered that he be *eligible* for parole in 2014; petitioner does not allege that he had a mandatory release date in 2014. Although petitioner seeks release as a remedy, nothing in his petition suggests that he is entitled to that. Rather, petitioner admits that he received a life sentence, which means that he has no right to parole under state law. State v. Chapman, 175 Wis. 2d 231, 247, 499 N.W.2d 222, 228 (Ct. App. 1993); Parker v. Percy, 105 Wis. 2d 486, 491, 314 N.W.2d 166, 169 (Ct. App. 1981). Thus, success on petitioner's claim would allow him to be *considered* for parole; it would not entitle him to release. Under these circumstances, petitioner should be raising his claim in a civil action under 42 U.S.C. § 1983 rather than a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Wilkinson v. Dotson, 544 U.S. 74, 82 (2005) (Section 1983 is appropriate statute when success on claim "will render invalid the state procedures used to deny parole eligibility").

A court does not have authority to convert a habeas petition into a § 1983 action, Copus v. City of Edgerton, 96 F.3d 1038, 1039 (7th Cir. 1996), so I am dismissing the petition without prejudice. However, before petitioner decides to file a new lawsuit under § 1983, he should consider whether he can prevail on his claim.

The ex post facto clause applies to changes in the law that increase the punishment for a crime after it was committed. Garner v. Jones, 529 U.S. 244, 250 (2000); Lynce v. Mathis, 519 U.S. 433, 441 (1997). One purpose of the clause is to give individuals notice of the consequences of their actions before they engage in particular conduct. United States v. Dixon, 551 F.3d 578, 584 (7th Cir. 2008) (ex post facto clause "gives people a minimal

sense of control over their lives by guaranteeing that as long as they avoid an act in the future they can avoid punishment for something they did in the past, which cannot be altered"). In other words, it is unfair to change the rules after is too late for an individual to consider how that change should affect his behavior.

In this case, petitioner is not alleging that statutes or regulations in existence at the time he committed his crime gave him the right to be considered for parole at any particular time and he does not allege that the state changed any statutes or regulations regarding his parole eligibility. Rather, he alleges only that the state is violating a court order that made him eligible for parole in 2014. However, petitioner cannot rely on the sentencing court's order to prevail on a claim under the ex post facto clause because he had already committed his crime when the court issued that order. Weaver v. Graham, 450 U.S. 24, 28 (1981) ("The ex post facto prohibition forbids the Congress and the States to enact any law which imposes a punishment for an act which was not punishable *at the time it was committed*; or imposes additional punishment to that then prescribed.") (emphasis added). Stated another way, petitioner could not have relied on the sentencing court's order when he committed the crime because the order did not exist yet.

If petitioner's claim is limited to an allegation that the state is violating a state court order, it is a state law issue that should be addressed in state court. In fact, statements in the petition and its attachments suggest that petitioner is raising this issue in state court now and is awaiting a decision from the Wisconsin Court of Appeals. If that is the case, another potential problem with a civil suit in federal court would be the doctrines of claim preclusion

or issue preclusion, which prohibit parties from relitigating claims and issues decided in a previous lawsuit.  First Weber Group, Inc. v. Horsfall, 738 F.3d 767, 772-73 (7th Cir. 2013); Sornberger v. City of Knoxville, Illinois, 434 F.3d 1006, 1020 n. 9 (7th Cir. 2006).

In addition to these issues, petitioner should know that the Prison Litigation Reform Act applies to suits brought by prisoners under § 1983.  Under the PLRA, the court must assess the plaintiff an initial partial payment of a $350 filing fee, 28 U.S.C. § 1915(a)(2), and screen the plaintiff's complaint before it is served on defendants and dismiss the complaint promptly if it is frivolous or malicious, fails to state a claim on which relief may be granted or seeks money damages from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  Then the court must collect the remaining portion of the filing fee from the plaintiff's prison account, even if his request for leave to proceed with his actions is denied.  28 U.S.C. § 1915(b)(2).  If the complaint is dismissed for one of the reasons listed above, plaintiff will receive a "strike" under 28 U.S.C. § 1915(g).  If he receives three "strikes," in future cases he will not be able to proceed in forma pauperis under 28 U.S.C. § 1915 unless he is in imminent danger of serious physical injury.


ORDER

IT IS ORDERED that petitioner Roger Lee Kaufman's petition for a writ of habeas corpus is DISMISSED WITHOUT PREJUDICE because success on his claim would not

entitle him to immediate or speedier release.

Entered this 29th day of October, 2015.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge